IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ROTHSCHILD CONNECTED DEVICES INNOVATIONS, LLC, | § § § | |
| Plaintiff, | § § | Case No: |
| vs. | § § | PATENT CASE |
| GOPRO, INC., | § § | |
| Defendant. | § § § | |

# COMPLAINT

Plaintiff Rothschild Connected Devices Innovations, LLC ("Plaintiff" or "RCDI") files this Complaint against GoPro, Inc. ("Defendant" or "GoPro") for infringement of United States Patent Nos. 7,899,713 ("the '713 Patent") and 8,788,090 ("the '090 Patent").

## PARTIES AND JURISDICTION

1. This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

3. Plaintiff is a Texas limited liability company with its principal office located at 1400 Preston Road, Suite 400, Plano, Texas 75093.

4. On information and belief, Defendant is a California corporation with its principal place of business at 3000 Clearview Way, San Mateo, CA 94402.

5. On information and belief, this Court has personal jurisdiction over Defendant

because Defendant has committed, and continues to commit, acts of infringement in the state of Texas, has conducted business in the state of Texas, and/or has engaged in continuous and systematic activities in the state of Texas.

6. On information and belief, Defendant's instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in the Eastern District of Texas.

**VENUE**

7. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391(c) and 1400(b) because Defendant is deemed to reside in this district. In addition, and in the alternative, Defendant has committed acts of infringement in this District.

**COUNT I**
**(INFRINGEMENT OF UNITED STATES PATENT NO. 7,899,713)**

8. Plaintiff incorporates paragraphs 1 through 8 herein by reference.

9. This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, *et seq*.

10. Plaintiff is the owner by assignment of the '713 Patent with sole rights to enforce the '713 Patent and sue infringers.

11. A copy of the '713 Patent, titled "System and Method for Creating a Personalized Consumer Product," is attached hereto as Exhibit A.

12. The '713 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

13. Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least claim 16, of the '713 Patent by making, using, importing, selling, and/or offering for sale a customizable app and camera system covered by

one or more claims of the '713 Patent. Defendant has infringed and continues to infringe the '713 patent in violation of 35 U.S.C. § 271.

14. Defendant sells, offers to sell, and/or uses systems, including, without limitation, the GoPro camera and GoPro Capture App ("System"), and related connectable components and/or applications, which may operate in connection with the System, which infringe at least Claim 16 of the '713 Patent. These systems and components allow a user to remotely customize the operation of various functions of a camera using a mobile device or other computing platform that can support an app. For example, the user can control settings of the camera and remotely update its software.

15. On information and belief, the System includes a remote server including a database storing a product preference (e.g., camera settings and/or software updates) for at least one user. For example, the System's server stores camera settings that the user can use to remotely control a camera's functionality.

16. On information and belief, the System includes a terminal (e.g., a smartphone having the app loaded thereon) for transmitting an identity of the user (e.g., the user logs in with the user's credentials) to the remote server. On information and belief the terminal also receives the product preference of the user from the server. For example, the smartphone can receive from the server a product preference (e.g., camera settings), which can then be modified and/or transmitted to the camera.

17. The System includes a communication network (e.g., Internet) for coupling the remote server (e.g., GoPro server) and the terminal (e.g., smartphone).

18. The System includes a first communication module (e.g., Wi-Fi transmitter) within the product (e.g., GoPro camera) and in communication with the terminal (e.g.,

smartphone).

19. On information and belief, the server receives the identity of the product (e.g., camera) and the identity of the user (e.g., during log on). On information and belief, the server also retrieves the product preference (e.g., camera settings) from the database based on the identity of the product and the identity of the user. For example, camera settings and/or software updates for a particular camera are tied to a particular user account. On information and belief, the server transmits the product preference (e.g., camera settings) to the first communication module via the terminal (e.g., the request for the camera settings was made on the smartphone).

20. Defendant's actions complained of herein will continue unless Defendant is enjoined by this Court.

21. Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

22. Plaintiff is in compliance with 35 U.S.C. § 287.

## COUNT II
### (INFRINGEMENT OF UNITED STATES PATENT NO. 8,788,090)

23. Plaintiff incorporates paragraphs 1 through 22 herein by reference.

24. This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, et seq.

25. Plaintiff is the owner by assignment of the '090 Patent with sole rights to enforce the '090 Patent and sue infringers.

26. A copy of the '090 Patent, titled "System and Method for Creating a Personalized Consumer Product," is attached hereto as Exhibit B.

27. The '090 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

28. Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least claim 1, of the '090 Patent by making, using, importing, selling, and/or offering for sale a customizable app and camera system covered by one or more claims of the '090 Patent. Defendant has infringed and continues to infringe the '090 patent in violation of 35 U.S.C. § 271.

29. Defendant sells, offers to sell, and/or uses systems, including, without limitation, the GoPro camera and GoPro Capture App ("System"), and related connectable components and/or applications, which may operate in connection with the System, which infringe at least Claim 1 of the '090 Patent. These systems and components allow a user to remotely customize the operation of various functions of a camera using a mobile device or other computing platform that can support an app. For example, the user can control settings of the camera and remotely update its software.

30. On information and belief, the System includes a remote server including a database storing a product preference (e.g., camera settings and/or software updates) of a predetermined product (e.g., a particular camera) for at least one user (e.g., a user linked to the particular camera via an account). For example, the System's server stores camera settings that the user can use to remotely control a camera's functionality.

31. The System includes a first communication module (e.g., Wi-Fi transmitter) within the product (e.g., GoPro camera) and in communication with the remote server (e.g., GoPro server).

32. On information and belief, the server receives the identity of the product (e.g.,

particular camera) and the identity of the user (e.g., during log on).  For example, the user is identified by an account and the particular camera is identified as being linked to that user's account.  On information and belief, the server also retrieves the product preference (e.g., camera settings) from the database based on the identity of the predetermined product and the identity of the user.  For example, camera settings and/or software updates for a particular camera are tied to a particular user account.  On information and belief, the server transmits the product preference (e.g., camera settings) to the first communication module (e.g., the Wi-Fi transmitter in the camera).

33. Defendant's actions complained of herein will continue unless Defendant is enjoined by this Court.

34. Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

35. Plaintiff is in compliance with 35 U.S.C. § 287.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks the Court to:

(a) Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

(b) Enter an Order enjoining Defendant, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendant who receive notice of the order from further infringement of United States Patent Nos. 7,899,713 and 8,788,090 (or, in the alternative, awarding Plaintiff a running royalty from the time of judgment going forward);

(c) Award Plaintiff damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284;

(d) Award Plaintiff pre-judgment and post-judgment interest and costs; and

(e) Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Dated: December 22, 2016                Respectfully submitted,

*/s/ Jay Johnson*
**JAY JOHNSON**
State Bar No. 24067322
**D. BRADLEY KIZZIA**
State Bar No. 11547550
**KIZZIA JOHNSON, PLLC**
1910 Pacific Ave. Suite 13000
Dallas, Texas 75201
(214) 451-0164
Fax: (214) 451-0165
jay@kjpllc.com
bkizzia@kjpllc.com

**ATTORNEYS FOR PLAINTIFF**

# EXHIBIT A

# EXHIBIT B